FILED

06/08/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs May 2, 2018

**STATE OF TENNESSEE v. DONAVEN BROWN**

**Appeal from the Circuit Court for Tipton County**
**No. 3627     Joe H. Walker, III, Judge**

_____

**No. W2017-02532-CCA-R3-CD**

_____

Defendant, Donaven Brown, appeals the trial court's denial of his motion to correct an illegal sentence filed pursuant to Tennessee Rule of Criminal Procedure 36.1. After careful consideration, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ALAN E. GLENN and J. ROSS DYER, JJ., joined.

Donaven Brown, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; and Mark E. Davidson, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Now approaching twenty years ago, Defendant stabbed and killed an inmate while they were both incarcerated at a prison in Clifton, Tennessee. *State v. Donaven Brown*, No. W1999-00629-CCA-R3-CD, 2000 WL 1346411, at *1 (Tenn. Crim. App. Sept. 14, 2000), *perm. app. denied* (Tenn. Mar. 19, 2001). As a result, Defendant was convicted of first-degree murder and felony possession of a weapon in a penal institution. *Id*. In 1999, he was sentenced to life without parole for the murder conviction and three years for the possession of a weapon conviction, to be served concurrently. *Id*. Defendant was unsuccessful in his direct appeal. *Id*. Defendant was also denied habeas corpus relief. *Donaven Brown v. Wayne Brandon, Warden*, No. M2005-00419-CCA-R3-HC, 2005 WL 2205897 (Tenn. Crim. App. Sept. 6, 2005), *no perm. app. filed*. In each appeal, this

Court affirmed the decision of the lower court. *Id.*; *Donaven Brown*, 2000 WL 1346411, at *7.

In December 17, 2017, Defendant filed a motion to correct an illegal sentence under Tennessee Rule of Criminal Procedure 36.1. Defendant argued his sentence for first-degree murder was illegal because the trial judge sentenced Defendant to life without the possibility of parole rather than a jury. Additionally, Defendant stated that he did not waive his consent to have the trial court determine his sentence, and therefore, the trial court lacked jurisdiction to impose a sentence of life without parole. He also claimed that the trial court's application of enhancement factors violated the United States Supreme Court's opinion in *Blakely v. Washington*, 542 U.S. 269 (2004). The trial court summarily denied the motion holding that it did not state a colorable claim for relief. This appeal ensued. For reasons set forth below, we affirm the trial court's ruling.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court has interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment form), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal), and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.* A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2).

Defendant previously raised the exact same issue regarding the trial court sentencing in his pursuit of habeas corpus relief. *Donaven Brown*, 2005 WL 2205897, at *1-2. In affirming the denial of habeas corpus relief, this Court previously held Defendant's argument regarding the trial judge sentencing Defendant rather than the jury presented, at most, a claim that the judgment was merely voidable, not void. *Id.* As noted above, the Supreme Court has interpreted the meaning of "illegal sentence" as

- 2 -

defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *Wooden*, 478 S.W.3d at 594-95. Indeed, that Court observed the language of Rule 36.1 "mirrors" the definition of an illegal sentence for habeas corpus purposes. *Id*. Furthermore, this exact claim of an illegal sentence was previously litigated in Petitioner's habeas corpus petition, and the doctrine of collateral estoppel prevents us from revisiting the issue. *See Alicia Shayne Lovera v. State*, No. W2014-00794-CCA-HC, 2014 WL 7432893, at *2-3 (Tenn. Crim. App. Dec. 30, 2014), *perm. app. denied* (Tenn. May 18, 2015). Accordingly, this Court's analysis in Defendant's habeas corpus action controls the outcome herein. *Id*. The trial court correctly ruled that Defendant did not state a colorable claim for relief pursuant to Rule 36.1.

## *Conclusion*

For the aforementioned reasons, we affirm the judgment of the trial court.

_____
TIMOTHY L. EASTER, JUDGE